UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| PAUL F. MORICONI )  | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| NEIL WILLIAMSON, Sheriff, Sangamon ) | Case No. 10-CV - ____ |
| County, Illinois,TRAVIS KOESTER, ) | |
| Deputy Sheriff, Sangamon County, Illinois ) | |
| and BRAD TWERYON, Deputy Sheriff, ) | |
| Sangamon County, Illinois, ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the plaintiff, PAUL F. MORICONI, by and through his attorneys, Michael J. Costello and Jackson E. Donley, and for his Complaint against the Defendants, Sangamon County, Illinois, a Body Politic, Neil Williamson, Sheriff of Sangamon County Illinois, TRAVIS KOESTER, Deputy Sheriff of Sangamon County, Illinois, and BRAD TWERYON, Deputy Sheriff, Sangamon County, Illinois, respectfully states as follows:

## FACTUAL BACKGROUND

1. On or about July 28 and 29, 2009, and at all relevant times thereafter, the Plaintiff, PAUL F. MORICONI, was at all times mentioned herein is a citizen of the United States and a resident of the Count of Sangamon County, State of Illinois residing at 1220 Toronto Rd., Springfield, Illinois.

2. On or about June 28 and 29, 2009 and at all relevant times thereafter, the Defendant, Sangamon County, Illinois, was and still is a political subdivision of the State of Illinois, organized and existing under and by virtue of the laws of the State of Illinois

and at all times mentioned herein was acting under color of state law and is charged with enforcing the laws of the State of Illinois.

3. On or about July 28 and 29, 2009 and at all relevant times thereafter, the Defendant, Neil Williamson, was and is at all times hereinafter Sheriff of Sangamon County, Illinois, and at all times mentioned herein was acting in his official capacity and acting under color of state law on behalf of Sangamon County, Illinois as a law enforcement agent to enforce the laws of the State of Illinois as the agent of Sangamon County.

4. On or about July 28 and 39, 2009 and at all relevant times thereafter, the Defendant, TRAVIS KOESTER, Deputy Sheriff of Sangamon County, Illinois, was acting in his official capacity upon behalf of the Defendant, Sangamon County, Illinois and upon behalf of Neil Williamson, Sheriff of Sangamon County, Illinois, and at all times mentioned herein was acting under color of state law and was acting as a law enforcement agent to enforce the laws of the State of Illinois.

5. On or about July 28 and 39, 2009 and at all relevant times thereafter, the Defendant, BRAD TWERYON, Deputy sheriff of Sangamon County, Illinois, was acting in his official capacity upon behalf of the Defendant, Sangamon County, Illinois, and upon behalf of Neil Williamson, Sheriff of Sangamon County, Illinois and at all times mentioned herein was acting under color of state law and was acting as a law enforcement agent to enforce the laws of the State of Illinois.

6. This action arises under 42 U.S.C. § 1983 to address the deprivation under color of state law of the rights, privileges and immunities secured by the Constitution of the United States, and the Constitution of the State of Illinois, in that the

defendants and each of them violated the constitutional rights of the Plaintiff by their action when the Plaintiff was in their care, custody and control prior to, at the time of, and subsequent to the events complained herein.

7. At all times relevant to this action, the Plaintiff was a handicapped person, in that his right arm and shoulder were and are nearly 100% inoperative due to paralysis.

8. On or about July 28 and 29, 2009, at 1220 Toronto Rd., Springfield, Illinois, the Defendants and each of them were investigating a purported altercation with other local law enforcement officers, at the tavern then-known as "Bootleggers," which was located at said location and address.

## COUNT I

### Unlawful Use of Excessive Force – KOESTER

9. – 17. Plaintiff repeats and re-alleges Paragraphs 1. – 8. as and for Paragraphs 9. – 17. herein.

18. Upon arriving at the scene, Defendant, TRAVIS KOESTER, Deputy Sheriff of Sangamon County, Illinois, told Plaintiff, who had been trying to break up the altercation, to cease, desist and back away from one of the participants, who had been injured.

19. The Plaintiff allegedly failed to back up quickly enough to suit Defendant. TRAVIS KOESTER, Deputy Sheriff of Sangamon County, Illinois, who then, forcibly, and unlawfully utilized a taser device against the Plaintiff with illegal and excessive force to the Plaintiff, rendering the plaintiff senseless, knocking the Plaintiff to the ground against Plaintiff's will and consent, and thereupon arrested Plaintiff, took Plaintiff into custody, detained Plaintiff, deprived Plaintiff of freedom and locomotion,

and transported the Plaintiff to the Sangamon County jail where Plaintiff was imprisoned for several hours.

20. The Defendant implemented a policy for taser use which was permitted and guaranteed the unlawful use of excessive force and alternatively if the policy is considered to be reasonable then the Defendants violated the Policy.

21. Upon information and belief, prior to, and at the time of Plaintiff's arrest, Plaintiff had not committed nor was Plaintiff committing any offense.

22. At all times relevant to this Complaint, Defendant, TRAVIS KOESTER, Deputy Sheriff of Sangamon County, Illinois, was not properly trained in the use of taser devices, and his conduct in using a taser on Plaintiff violated the Sangamon County Sheriff's Department's written policies and guidelines pertaining to the use of taser devices.

23. By reason of the acts and conduct of the Defendant, Plaintiff was nearly killed, and in any event was caused to and did suffer personal injuries, did suffer great shock to the nervous system, emotional distress and injury, great humiliation and embarrassment and was thereby damaged in his reputation all of which are permanent.

24. As a result of the wrongful conduct of Defendant, TRAVIS KOESTER, Deputy Sheriff of Sangamon County, Illinois, Plaintiff's constitutional rights were violated under 42 U.S.C. 1983 as applied to the states under the 14th Amendment to the U. S. Constitution.

25. As a result of the actions of the Defendant, the Plaintiff requests that he be awarded attorney's fees to be paid by the Defendant pursuant to 42 U.S.C § 1988.

26. The cruel and unusual punishment inflicted upon the Plaintiff while prior to, at the time of, and subsequent to the arrest and while in Defendant's care, custody and control was done in a willful, malicious and wanton manner for which the Plaintiff requests exemplary damages.

WHEREFORE, the Plaintiff, PAUL F. MORICONI, moves for Judgment against the Defendant, TRAVIS KOESTER, Deputy Sheriff of Sangamon County, Illinois, for damages allowable by law and in addition punitive damages in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT II

### Unlawful Use of Excessive Force – TWERYON

27.–34. Plaintiff repeats and re-alleges Paragraphs 1. – 8. as and for Paragraphs 27.-34. herein.

35. Upon arriving at the scene, Defendant, BRAD TWERYON, Deputy Sheriff of Sangamon County, Illinois, told Plaintiff, who had been trying to break up the altercation, to cease, desist and back away from one of the participants, who had been injured.

36. The Plaintiff allegedly failed to back up quickly enough to suit Defendant, BRAD TWERYON, Deputy Sheriff of Sangamon County, Illinois, who then, forcibly, and unlawfully utilized a taser device against the Plaintiff with illegal and excessive force to the Plaintiff, rendering the plaintiff senseless, knocking the Plaintiff to the ground against Plaintiff's will and consent, and thereupon arrested Plaintiff, took Plaintiff into custody, detained Plaintiff, deprived Plaintiff of freedom and locomotion,

and transported the Plaintiff to the Sangamon County jail where Plaintiff was imprisoned for several hours.

37. The Defendant implemented a policy for taser use which was permitted and guaranteed the unlawful use of excessive force and alternatively if the policy is considered to be reasonable then the Defendant violated the Policy.

38. Upon information and belief, prior to, and at the time of Plaintiff's arrest, Plaintiff had not committed nor was Plaintiff committing any offense.

39. At all times relevant to this Complaint, Defendant, BRAD TWERYON, Deputy Sheriff of Sangamon County, Illinois, was not properly trained in the use of taser devices, and his conduct in using a taser on Plaintiff violated the Sangamon County Sheriff's Department's written policies and guidelines pertaining to the use of taser devices.

40. By reason of the acts and conduct of the Defendant, Plaintiff was nearly killed, and in any event was caused to and did suffer personal injuries, did suffer great shock to the nervous system, emotional distress and injury, great humiliation and embarrassment and was thereby damaged in his reputation all of which are permanent.

41. As a result of the wrongful conduct of Defendant, BRAD TWERYON, Deputy Sheriff of Sangamon County, Illinois, Plaintiff's constitutional rights were violated under 42 U.S.C. 1983 as applied to the states under the 14th Amendment to the U. S. Constitution.

42. As a result of the actions of the Defendant, BRAD TWERYON, Deputy Sheriff of Sangamon County, Illinois, the Plaintiff requests that he be awarded attorney's fees to be paid by the Defendant and each of them pursuant to 42 U.S.C § 1988.

43.     The cruel and unusual punishment inflicted upon the Plaintiff while prior to, at the time of, and subsequent to the arrest and while in Defendant's care, custody and control was done in a willful, malicious and wanton manner for which the Plaintiff requests exemplary damages.

WHEREFORE, the Plaintiff, PAUL F. MORICONI, moves for Judgment against the Defendant, BRAD TWERYON, Deputy Sheriff of Sangamon County, Illinois, for damages allowable by law and in addition punitive damages in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT III

### Unlawful Use of Excessive Force – NEIL WILLIAMSON,

### Sangamon County Sheriff

44.–87.    Plaintiff repeats and re-alleges Paragraphs 1. – 44. as and for Paragraphs 44.-87. herein.

88.    At all times relevant to this Complaint, Defendant, NEIL WILLIAMSON, Sheriff of Sangamon County, Illinois, permitted and encouraged by policy the unlawful use of tasers by his Deputies involving excessive force which violated the Constitutional rights of Plaintiff.

WHEREFORE, the Plaintiff, PAUL F. MORICONI, moves for Judgment against the Defendant, NEIL WILLIAMSON, Sheriff of Sangamon County, Illinois, for damages allowable by law and in addition punitive damages in excess of Fifty Thousand Dollars ($50,000.00).

s/ Michael J. Costello
Michael J. Costello Bar Number 522627
Attorney for the Plaintiff
Costello Law Office
820 South Second Street
First Floor
Springfield, Illinois 62704
Telephone No.: (217) 544-5500
Fax No.: (217) 544-7500
Costello.m@sbcglobal.net

Jackson E. Donley #6180500
Attorney for Plaintiff
2060 W. Monroe Suite F
Springfield, Il 62704
(Phone) 217-801-5959
(Fax) 217-789-9827
jdonley44@jdonleylaw.com