IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PAUL F. MORICONI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  11-3022 |
| | ) | |
| NEIL WILLIAMSON, Sheriff, | ) | |
| Sangamon County, Illinois; TRAVIS | ) | |
| KOESTER, Deputy Sheriff, Sangamon | ) | |
| County, Illinois; and BRAD | ) | |
| TWERYON, Deputy Sheriff, | ) | |
| Sangamon County, Illinois, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, United States District Judge.

On April 20, 2011, this Court granted the Motion to Dismiss (d/e 17) filed by Defendants Neil Williamson, Travis Koester, and Brad Tweryon due to Plaintiff's failure to file a response thereto.  On April 28, 2011, this Court clarified that the dismissal was with prejudice.

On May 16, 2011, Plaintiff filed a Notice of Appeal.  On the same date, Plaintiff filed a Motion to Vacate Order of Dismissal of Complaint Pursuant to Rule 60(b)(1) and (b)(6) (d/e 23) and a Motion to Vacate

Judgment of Dismissal Pursuant to Rule 59(a) and (e) (d/e 24).  Plaintiff also filed a memorandum in support thereof and the affidavit of Plaintiff's attorney.

Plaintiff asserts he received notice of the judgment on April 28, 2011.  Plaintiff claims he has a meritorious claim and his failure to file a response to the motion to dismiss was inadvertent and excusable neglect.  Specifically, Plaintiff attorney, by affidavit, stated he dictated a response to the motion to dismiss and placed it on a side table for transcription.  The response was not, however, transcribed.  Counsel stated he became distracted regarding the filing due to trials the week of April 11, 2011, and April 18, 2011.

A court generally loses jurisdiction to decide motions filed after a notice of appeal has been filed.  Kusay v. United States, 62 F.3d 192, 193-94 (7th Cir. 1995).  The Seventh Circuit, however, recognizes a limited exception in cases of Rule 60(b), that permits a district court to deny a Rule 60(b) motion even if an appeal is pending.  Textile Banking Co., Inc. v. Rentschler, 657 F.2d 844, 849 (7th Cir. 1981); see also  South

Bend Clinic v. Paul, 662 F.Supp. 452 (N.D. Ind. 1987) (noting the Seventh Circuit exception).

In Textile Banking, 657 F.2d at 849, the Seventh Circuit noted the prior practice wherein parties would present Rule 60(b) motions to the appellate court and, in appropriate cases, obtain an order remanding the case to the district court. The Seventh Circuit noted:

> A majority of circuits have abandoned this costly and time-consuming procedure, however, in favor of one which allows the district court to consider and deny Rule 60(b) motions during the pendency of an appeal without leave from the appellate court. A remand is only necessary if the district court is inclined to grant the relief. [footnote] [citations omitted.] This mode of procedure has enabled litigants to pursue Rule 60(b) relief in the district court without running afoul of the 30-day deadline for filing a notice of appeal.

Textile, 657 F.2d at 849-50. In a foonote, the Seventh Circuit further noted:

> The Court of Appeals for the [F]irst [C]ircuit explained the procedure in Puerto Rico v. SS Zoe Colocotroni, 601 F.2d 39, 42 (1st Cir. 1979):
>
>> when an appeal is pending from a final judgment, parties may file Rule 60(b)

> motions directly in the district court without seeking prior leave from us. The district court is directed to review such motions expeditiously, within a few days of their filing, and quickly deny those which appear to be without merit, bearing in mind that any delay in ruling could delay the pending appeal. If the district court is inclined to grant the motion, it should issue a brief memorandum so indicating. Armed with this, movant may then request this court to remand the action so that the district court can vacate judgment and proceed with the action accordingly.

Textile Banking, 657 F.2d at 850.

This Opinion is intended to comply with the Seventh Circuit's procedure for Rule 60(b) motions filed after a notice of appeal is timely filed.

To vacate a default judgment under Rule 60(b), a party must show good cause for the default, quick action to correct it, and a meritorious claim in the underlying action. See Somerset Songs Pub. v. Bertsos, 1992 WL 407297 (N.D. Ill. 1992). Whether to grant or deny a motion to vacate under Rule 60(b) is within this Court's discretion. See Easley v.

Kirmsee, 382 F.3d 693, 697 (2004).

Attorney carelessness can constitute excusable neglect, although it remains within this Court's discretion whether to grant relief.  Federal Election Com'n v. Al Salvi for Senate Committee, 205 F.3d 1015, 1020 (7th Cir. 2000), citing Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993); see also Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (distinguishing carelessness, which can constitute excusable neglect, with attorney inattentiveness, which is not excusable).  Here, this Court finds Plaintiff's attorney's actions were careless and would be inclined to grant the Motion to Vacate Order of Dismissal of Complaint Pursuant to Rule 60(b)(1) and (6) (d/e 23) should the appellate court remand the action.  ENTER:  May 20, 2011.

FOR THE COURT:

    s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE