IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PAUL F. MORICONI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-3022 |
| | ) | |
| NEIL WILLIAMSON, Sheriff, | ) | |
| Sangamon County, Illinois; TRAVIS | ) | |
| KOESTER, Deputy Sheriff, Sangamon | ) | |
| County, Illinois; and BRAD | ) | |
| TWERYON, Deputy Sheriff, | ) | |
| Sangamon County, Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, United States District Judge.

On April 20, 2011, this Court granted the Motion to Dismiss (d/e 17) filed by Defendants Neil Williamson, Travis Koester, and Brad Tweryon due to Plaintiff's failure to file a response thereto. On April 28, 2011, this Court clarified that the dismissal was with prejudice.

On May 16, 2011, Plaintiff filed a Notice of Appeal. On the same date, Plaintiff filed a Motion to Vacate Order of Dismissal of Complaint Pursuant to Rule 60(b)(1) and (b)(6) (d/e 23) and a Motion to Vacate

Judgment of Dismissal Pursuant to Rule 59(a) and (e) (d/e 24). Plaintiff also filed a memorandum in support thereof and the affidavit of Plaintiff's attorney.

On May 20, 2011, this Court, believing it lacked jurisdiction to rule on the motions because of the Notice of Appeal, did not rule on the motions and instead entered an order indicating the Court would grant the Rule 60 motion if the Seventh Circuit remanded the action. The post-judgment motions remain pending in this Court.

This Court now finds that, pursuant to Rule 4 of the Federal Rules of Appellate Procedure, the Court has jurisdiction to rule on the two pending pos-judgment motions, even though a Notice of Appeal has been filed. Under Rule 4, "the district court retains jurisdiction to decide certain timely post-judgment motions," including motions pursuant to Rule 59 and, if filed within 28 days of the judgment, motions filed pursuant to Rule 60. Benson v. Grant Food Stores, L.L.C., 2011 WL 722256 (E.D. Pa. 2011); see also ConocoPhillips Co. v. Milestone Pacific Properties, LLC, 2010 WL 4608223 (N.D. Cal. 2010) (finding "a notice

of appeal does not become effective, and the district court does not lose jurisdiction, until the district court rules on all motions for reconsideration" filed within 28 days of judgment).  Rule 4 provides as follows:

> **(4) Effect of a Motion on a Notice of Appeal.**
>
> > (A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
> >
> > * * *
> >
> > (iv) to alter or amend the judgment under Rule 59;
> > * * *
> >
> > (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.
>
> > (B)(i) If a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of any motion listed in Rule 4(a)(4)(A)--the notice becomes effective to appeal a judgment or order, in whole or in part, when the order

>disposing of the last such remaining motion is entered.

Fed.R.App.P. 4.

Here, Plaintiff filed his Rule 60 motion within 28 days of judgment and also filed a timely motion pursuant to Rule 59. Plaintiff's previously filed notice of appeal is ineffective until this Court disposes of his two pending posttrial motions. See Simmons v. Thurmer, 2009 WL 1687676 (E.D. Wis. 2009).

Pursuant to Rule 60(b)(1), a court may "relieve a party . . . . from a final judgment" for "mistake, inadvertence, surprise, or excusable neglect." To vacate a default judgment under Rule 60(b), a party must show good cause for the default, quick action to correct it, and a meritorious claim in the underlying action. See Somerset Songs Pub. v. Bertsos, 1992 WL 407297 (N.D. Ill. 1992). Whether to grant or deny a motion to vacate under Rule 60(b) is within this Court's discretion. See Easley v. Kirmsee, 382 F.3d 693, 697 (2004).

Plaintiff claims he has a meritorious claim and his failure to file a

response to the motion to dismiss was inadvertent and excusable neglect. Specifically, Plaintiff's attorney, by affidavit, stated he dictated a response to the motion to dismiss and placed it on a side table for transcription. The response was not, however, transcribed. Counsel stated he became distracted regarding the filing due to trials the weeks of April 11, 2011, and April 18, 2011.

    Attorney carelessness can constitute excusable neglect, although it remains within this Court's discretion whether to grant relief. <u>Federal Election Com'n v. Al Salvi for Senate Committee</u>, 205 F.3d 1015, 1020 (7th Cir. 2000), citing <u>Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380 (1993); <u>see</u> <u>also</u> <u>Harrington v. City of Chicago</u>, 433 F.3d 542, 546 (7th Cir. 2006) (distinguishing carelessness, which can constitute excusable neglect, with attorney inattentiveness, which is not excusable). Here, this Court finds Plaintiff acted quickly to vacate the judgment, has shown a meritorious claim in the underlying action, and that his attorney's actions constitute excusable neglect.

Therefore, this Court GRANTS the Motion to Vacate Order of Dismissal of Complaint Pursuant to Rule 60(b)(1) and (6) (d/e 23) and DENIES AS MOOT the Motion to Vacate Judgment of Dismissal Pursuant to Rule 59(a) and (e) (d/e 24). The Judgment (d/e 19) entered April 29, 2011, pursuant to this Court's April 20 and April 28, 2011, orders, is VACATED. Defendants' Motion to Dismiss (d/e 17) is REINSTATED and Plaintiff is directed to file his response to the Motion to Dismiss by June 13, 2011.

ENTER: June 2, 2011

FOR THE COURT:

                                                s/Sue E. Myerscough
                                                SUE E. MYERSCOUGH
                                  UNITED STATES DISTRICT JUDGE