IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PAUL F. MORICONI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  11-3022 |
| | ) | |
| NEIL WILLIAMSON, Sheriff, | ) | |
| Sangamon County, Illinois, | ) | |
| TRAVIS KOESTER, Deputy | ) | |
| Sheriff, Sangamon County, Illinois , | ) | |
| and BRAD TWERYON, Deputy | ) | |
| Sheriff, Sangamon  County, Illinois, | ) | |
| and SANGAMON COUNTY, | ) | |
| ILLINOIS, a body politic, | ) | |
| | ) | |
| Defendants. | ) | |

<u>OPINION</u>

SUE E. MYERSCOUGH, United States District Judge.

This cause is before the Court on the Motion to Dismiss First Amended Complaint (Motion) (d/e 40) filed by Defendants Neil Williamson, Sheriff, Sangamon County, Illinois; Travis Koester, Deputy Sheriff, Sangamon County, Illinois; Brad Tweryon, Deputy Sheriff, Sangamon County, Illinois; and Sangamon County, Illinois, a body politic.  Plaintiff, Paul F. Moriconi, has filed a response to the Motion.

For the reasons stated below, Defendants' Motion is GRANTED IN PART and DENIED IN PART.

## I.  BACKGROUND

In June 2011, this Court granted, in part, Defendants' Motion to Dismiss and granted Plaintiff leave to file an amended complaint. This Court also directed Plaintiff to add Sangamon County as a party pursuant to <u>Carver v. Sheriff of LaSalle County</u>, 324 F.3d 947, 948 (2003) ("a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer. . . in an official capacity").

In July 2011, Plaintiff filed his First Amended Complaint. The First Amended Complaint alleges that on July 28 and 29, 2009, Defendants investigated a purported altercation at a tavern known as Bootleggers in Springfield, Illinois. Upon arriving at the scene, Deputies Koester and Tweryon told Plaintiff, who was trying to break up the altercation, to back away from one of the participants in the altercation. Plaintiff "allegedly failed to back up quickly enough to suit" the

Deputies. (First Amd. Cmplt. ¶¶ 19, 36). Deputies Koester and Tweryon then used a taser device on Plaintiff.

Plaintiff was knocked to the ground, arrested, and taken into custody. Plaintiff alleges he was nearly killed, suffered personal injury, emotional distress, and damage to his reputation, all of which are permanent.

Plaintiff further alleges that "Defendant"–although it is not clear from the Complaint which Defendant– "implemented a policy for taser use which permitted and guaranteed the unlawful use of excessive force and[,] alternatively[,] if the policy is considered to be reasonable[,] then the Defendants violated the Policy." (First Amd. Cmplt., ¶¶ 20, 37). Plaintiff also alleges that Deputies Koester and Tweryon were not properly trained in the use of taser devices and their conduct in using the taser on Plaintiff violated the "Sangamon County Sheriff's Department's written policies and guidelines pertaining to the use of Taser devices." (First Amd. Cmplt., ¶¶ 22, 39). Finally, Plaintiff alleges that Sheriff Williamson "in his official capacity permitted and encouraged by a

policy[,] which on its face may have appeared to be reasonable[,] the unlawful use of tasers by his Deputies involving excessive force which violated the Constitutional rights of Plaintiff as aforesaid." (First Amd. Cmplt. ¶ 88).

Counts I and II are excessive force claims brought against Deputies Koester and Tweryon in their individual capacities. Count III is an excessive force claim against Sheriff Williamson in his official capacity. Count IV, as clarified by Plaintiff in his response to the Motion to Dismiss, is not an "independent action other than indemnification from the County of Sangamon."

## II.  ANALYSIS

In their Motion, Defendants assert: (1) Counts I and II should be dismissed because each count fails to state a claim upon which relief may be granted; (2) Deputies Koester and Tweryon are entitled to qualified immunity on Counts I and II; (3) Count III should be dismissed because no unconstitutional conduct has been established and, therefore, the Sheriff's Department cannot be liable; and (4) Count III should be

dismissed for failure to state a claim.[1]

A. Standard of Review

A motion to dismiss under Federal Rule Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). For purposes of the motion, a court must accept as true all well-pleaded allegations contained in the complaint and draw all inferences in the light most favorable to the non-moving party. Estate of Davis v. Wells Fargo Bank, 633 F.3d 529, 533 (7th Cir. 2011). To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). That statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

---

[1] Defendants also asserted that, although Sangamon County was properly named as a party pursuant to Carver, 324 F.3d 947, Plaintiff improperly filed a substantive count against Sangamon County. Plaintiff has clarified in his response that Sangamon County was named only for purposes of indemnification.

(2007).  This means that (1) "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level."  EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007).  Plaintiff must provide more than "boilerplate allegations" to survive the motion to dismiss. Eckert v. City of Chicago, 2009 WL 1409707,*6 (N.D. Ill. 2009).

B.   Counts I and II State a Claim

In Counts I and II, Plaintiff alleged that Deputies Koester and Tweryon, acting in their individual capacity, forcibly and unlawfully utilized a taser device against Plaintiff with illegal and excessive force.

Where an excessive force claim arises in the context of an investigatory stop or an arrest, the claim is analyzed under the Fourth Amendment's reasonableness standard.  Graham v. Connor, 490 U.S. 386, 394  (1989).  To make a successful excessive force claim, Plaintiff must allege that a government actor used objectively unreasonable force

that in some way restrained his liberty.  <u>Graham</u>, 490 U.S. at 395 n. 10 (citation omitted).  Whether excessive force was used is evaluated by an "objective reasonableness" standard.  <u>Id.</u> at 397.

Defendants assert that Plaintiff admitted he did not remove himself from the altercation as requested by Defendants and was tasered because he did not follow their proper instructions.  According to Defendants, Deputy Koester and Tweryon's conduct was not unconstitutional under those circumstances.

At this stage in the proceedings, the Court accepts as true all well-pleaded facts and draws all permissible inferences in Plaintiff's favor. <u>Estate of Davis</u>, 633 F.3d at 533.  Applying that standard here, Plaintiff alleged that despite backing away as directed,  Deputies Koester and Tweryon used a taser device on Plaintiff for not doing so quickly enough. Plaintiff has sufficiently stated an excessive force claim.  See <u>Rhyan v. City of Waukegan</u>, 2010 WL 5129736, *2 (N.D. Ill. 2010) ("The unnecessary and unprovoked usage of pepper spray can form the basis for a Section 1983 excessive force claim"; the fact that the defendants may

have a justification for their actions cannot be considered on a motion to dismiss); Martin v. Special Agents, 169 F.Supp.2d 805, 808 (N.D. Ill 2001) (finding the plaintiff stated a claim for excessive force where he alleged "that although he was physically prevented from complying with an officer's command to lie on the ground, the officer kicked plaintiff's shoulder with such force as to dislocate it").  Therefore, Defendants' Motion to Dismiss Counts I and II for failure to state a claim is denied.

C. At this Stage of the Proceedings, Deputies Koester and Tweryon Are Not Entitled to Qualified Immunity on Counts I and II

Defendants also argue that Deputies Koester and Tweryon are entitled to qualified immunity on Counts I and II.  This Court disagrees that, at this stage in the proceedings, Deputies Koester and Tweryon are entitled to qualified immunity.

The doctrine of qualified immunity shields government officials who perform discretionary functions from liability for civil damages so long as their actions do not violate clearly established constitutional rights.  See Harlow v. Fitzgerald, 457 U.S. 800, 814 (1982); Upton v.

Thompson, 930 F.2d 1209, 1211-12 (7th Cir. 1991). To defeat qualified immunity, a plaintiff must demonstrate (1) the defendant's conduct violated the plaintiff's constitutional rights and (2) the violated right was clearly established at the time of the alleged misconduct. Lewis v. Downey, 581 F.3d 467, 478 (7th Cir. 2009).

Whether a defendant's conduct violated a plaintiff's constitutional right often "hinges on the resolution of fact questions." Id. Because of such factual issues, a complaint is generally not dismissed pursuant to Rule 12(b)(6) on qualified immunity grounds. Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001); see also Moran v. Stratton, 2008 WL 1722148, at *7 (C.D. Ill. 2008) (based on the allegations in the complaint, a determination on the defendant's claim of qualified immunity would be premature).

Moreover, if the facts are truly as Plaintiff alleges, then no reasonable officer would think that he would be justified in using a taser on Plaintiff. See, e.g., Lewis v. Downey, 581 F.3d 467, 479 (7th Cir. 2009) (finding "a reasonable officer would understand that employing a

taser gun under the version of the facts that [the plaintiff] has described would violate the prisoner's constitutional rights").

Therefore, this Court finds it is premature to determine whether Deputies Koester and Tweryon are entitled to qualified immunity. Deputies Koester and Tweryon may renew their request for qualified immunity later in the proceedings.

D.   Count III Fails to State a Claim

Defendants last argue that Plaintiff has failed to sufficiently allege an official capacity claim against Sheriff Williamson.  In his response to the Motion to Dismiss, Plaintiff asserts that he sufficiently stated a claim in Count III because he alleged that (1) Deputies Koester and Tweryon instituted their own policy of taser use; and (2) Sheriff Williamson instituted a policy of excessive and unlawful force in the use of tasers.

Plaintiff brought Count III against Sheriff Williamson in his official capacity.  A claim brought against an officer in his official capacity is treated as a suit against the governmental entity of which an officer is an agent.  Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); see also

Gibson v. City of Chicago, 910 F.2d 1510, 1519 n. 14 (7th Cir. 1990) ("An official capacity suit against a municipal official is merely another way of asserting a claim against the municipality"). To maintain a § 1983 claim against the Sheriff's Department, Plaintiff must demonstrate that his constitutional rights were violated by some official policy or custom. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978) (a local government is responsible under § 1983 "when execution of a government's policy or custom . . . inflicts the injury"). A plaintiff may establish an official policy or custom by showing:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

Palmer v. Marion County, 327 F.3d 588, 594-95 (7th Cir. 2003) (citations omitted). Plaintiff has not alleged an official policy or custom under any of these three routes.

First, Plaintiff has not alleged an express policy that, when enforced, caused a constitutional deprivation. Instead, Plaintiff alleges that the taser policy was reasonable on its face. (First Amd. Cmplt. ¶ 88). "A plaintiff can *** plead himself out of court if he pleads facts that preclude relief." <u>Kinder v. Gas City Police Department</u>, 2011 WL 781478, at *2 (N.D. Ind. 2011). By alleging that the taser policy was reasonable on its face, Plaintiff essentially alleged that Deputies Koester and Tweryon failed to follow the policy. This is insufficient to state a claim of liability against the Sheriff's Department. See <u>Dandridge v. County of Winnebago</u>, 1996 WL 267881, at *3 (N.D. Ill. 1996) (allegation that the defendants' failure to follow the express policy caused his injury was insufficient to state a claim under the express policy theory). Moreover, "[u]nless there is an unconstitutional policy that causes the injury, there cannot be municipal liability." <u>Nevinger v. Town of Goodland, Ind.</u>, 2011 WL 2694662, at *2 (N.D. Ind. 2011).

Plaintiff also argues, in his response to the Motion to Dismiss, that he alleged that Deputies Koester and Tweryon implemented their own

policies for taser use which permitted and guaranteed the unlawful use of excessive force. However, Plaintiff does not explain in his response to the Motion to Dismiss how that would subject the Sheriff's Department to liability. See, e.g., Alexander v. City of South Bend, 320 F.Supp.2d 761, 780 (N.D. Ind. 2004) (noting that to maintain a suit against a municipal entity, the plaintiff "must establish a 'policy or custom' attributable to municipal policymakers").

Second, Plaintiff has not alleged facts suggesting a widespread custom or practice that is so well settled as to constitute a custom or usage with the force of law. Plaintiff only alleged the one instance of taser use by Deputies Koester and Tweryon for which Plaintiff seeks relief. See City of Oklahoma City v. Tuttle, 471 808, 824 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker"); Graham v. Village of Dolton, 2011 WL 43026, at *6 (N.D. Ill. 2011) ("A plaintiff's

own isolated experiences, however, are insufficient to state a claim for municipal liability under a custom theory").

Third, Plaintiff has not alleged facts suggesting that the individuals who allegedly caused the constitutional deprivation--Deputies Koester and Tweryon–were persons with final policymaking authority.  See Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986) ("municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances").  Moreover, as stated in McGreal v. Ostrov, 2002 WL 1784461, at *3 (N.D. Ill. 2002):

> The "policymaker" prong of Monell requires more than the act of a policymaker.  It is necessary for the policymaker's act to have been in conformance with, or in the creation of, governmental rules that have the effect of law (and then the rule must violate the plaintiff's constitutional rights). * * * And, a policymaker's decision will rarely have the force of policy unless the decision will govern similar issues in the future.

Plaintiff has failed to allege a claim under the third theory of municipal liability.

Finally, although the First Amended Complaint contains some

references to a failure to train Deputies Koester and Tweryon, Plaintiff does not argue in his response to the Motion to Dismiss that failure to train is a basis for liability on the part of the Sheriff's Department. Moreover, simply stating that the Sheriff's Department failed to train its police officers would be insufficient to state a claim against the Sheriff's Department.  See <u>Nevinger v. Town of Goodland, Ind.</u>, 2011 WL 2694662, *4 (N.D. Ind. 2011) ("Simply stating that a municipality has failed to train its police officers cannot survive" a motion to dismiss); <u>see also</u> <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 389 (1989) (failure to train can serve as a "basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact").

   Therefore, this Court dismisses, without prejudice,  Count III for failure to state a claim.  Because Count III is the only Count directed at the Sheriff's Department, Count IV–which is based solely on indemnification– is also dismissed without prejudice.

### III.  CONCLUSION

For reasons stated. Defendants' Motion to Dismiss First Amended Complaint (d/e 40) is GRANTED IN PART and DENIED IN PART. Counts III and IV are DISMISSED WITHOUT PREJUDICE. Plaintiff shall file a Second Amended Complaint on or before September 19, 2011. Defendants shall answer or otherwise plead on or before October 3, 2011.

ENTER: September 6, 2011

FOR THE COURT:

s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
