## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PAUL F. MORICONI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-cv-3022 |
| | ) | |
| TRAVIS KOESTER, Deputy | ) | |
| Sheriff, Sangamon County, | ) | |
| Illinois, and SANGAMON | ) | |
| COUNTY, ILLINOIS, | ) | |
| | ) | |
| Defendants, | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE

This matter comes before the Court on Defendant Travis Koester's

Motion to Bar Testimony, or in the Alternative, Motion for Extension of Time

(d/e 82) (Motion). The parties consented to have this case heard before

this Court. Consent to the Exercise of Jurisdiction by a United States

Magistrate Judge and Reference Order entered April 11, 2014 (d/e 74).

For the reasons set forth below, the Motion is allowed.

## BACKGROUND

Moriconi brings a claim against Defendant Deputy Sheriff Koester

under 42 U.S.C. §1983 for using excessive force in an incident that

occurred during the night of July 28-29, 2009. Koester allegedly used

excessive force when he shot Moriconi with a Taser that night.  Second Amended Complaint (Supplement to d/e 45), ¶¶ 21-26.

This Court entered a Scheduling Order (d/e 55) on December 1, 2011.  The Scheduling Order set the deadlines for disclosing expert witnesses,

> Plaintiff is to identify testifying experts and to provide Rule 26 expert reports by December 1, 2012.  All Defendants are to identify testifying experts and to provide Rule 26 expert reports by April 1, 2013.

Scheduling Order, ¶ 3.  Koester states in the Motion that Moriconi did not provide any expert witness disclosures.  Motion, ¶ 3.  Moriconi does not dispute this.  Moriconi states that he disclosed the two physicians who treated him after the incident, Dr. Michael Bova and Dr. Robert Russell, as witnesses, but not has expert witnesses.  Plaintiff's Response to Defendant Koester's Motion to Bar Testimony, or in the Alternative, Motion for Extension of Time (d/e 83) (Opposition), ¶ 8 ("They have been disclosed as witnesses but not as experts with reports.").

On June 13, 2014, the parties were conducting the deposition of Dr.  Michael Murphy, Moriconi's current treating physician.  At the deposition, counsel for Moriconi told counsel for Koester that Dr. Russell would testify that the "Taser nearly killed his client."  Motion, ¶ 2.  The medical records produced from Dr. Russell in discovery did not contain this

statement or any indication that Dr. Russell concluded that the Taser shot that hit Moriconi was nearly lethal.  <u>Motion</u>, attached <u>Medical Record</u>. Koester moves to exclude Dr. Russell's opinion testimony that the Taser almost killed Moriconi.

ANALYSIS

A party must separately disclose any witness that will present expert testimony under Federal Rules of Evidence 702, 703 or 705.  Fed. R. Civ. P. 26(a)(2)(A).  Moriconi argues without reference to any authority that Dr. Russell's statement that the Taser almost killed Moriconi was not an expert opinion, but a diagnosis. The Court disagrees.  The Federal Rules of Evidence divide opinions into lay witness opinions and expert witness opinions.  A lay witness opinion is one which is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c).  Rule 702 governs opinions by expert witnesses. Fed. R. Evid. 702.  A doctor's opinion that the Taser shot almost killed a person is based on his specialized knowledge as a physician; the opinion is not a lay opinion, but an expert opinion.  <u>See</u> <u>e.g.</u>, <u>Banister v. Burton</u>, 636 F.3d 828, 832 (7th Cir. 2011) (treating physician's opinion of effect of injury was an expert opinion).

Moriconi was required to disclose Dr. Russell as an expert witness under Rule 26(a)(2)(A). Moriconi was not required to provide an expert report from Dr. Russell because Dr. Russell was Moriconi's treating physician and was not specially retained to provide an expert opinion. Fed. R. Civ. P. 26(a)(2)(B); <u>Musser v. Dentiva Health Services</u>, 350 F.3d 751, 758 (7th Cir. 2004). Moriconi, however, was required to disclose the subject matter on which Dr. Russell would be expected to present opinion evidence and a summary of the facts and opinions to which Dr. Russell would be expected to testify. Fed. R. Civ. P. 26(a)(2)(C)(i) and (ii). Moriconi was required to make these expert disclosures at the time set by this Court in the Scheduling Order, December 1, 2012. <u>Scheduling Order</u>, ¶ 3; Fed. R. Civ. P. 26(a)(2)(D).

Moriconi did not disclose that Dr. Russell would render this opinion by December 1, 2012. Rather, he waited until more than a year and a half later on June 13, 2014, to make the disclosure. Koester moves to bar this opinion testimony at trial as a sanction for Moriconi's failure to comply with the expert disclosure requirements in Rule 26(a)(2).

If a party fails to make the required disclosures under Rule 26, "the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed.

R. Civ. P. 37(c)(1). The language of Rule 37(c) is mandatory; the testimony must be excluded unless the failure to disclose was substantially justified or harmless. Musser, 356 F.3d at 758. Rule 37(c) authorizes the Court to impose an alternative sanction, but only on motion and after giving an opportunity to be heard. Fed. R. Civ. P. 37(c)(1). Moriconi has made no such motion.

In determining whether a violation of Rule 26 required disclosures was substantially justified or harmless, this Court must consider the following factors:

> (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.

Banister, 636 F.3d at 833 (quoting Westefer v. Snyder, 422 F.3d 570, 585 n.1 (7th Cir. 2005)).

Moriconi presents no justification for his failure to make the Rule 26(a)(2) disclosures in a timely fashion. Moriconi states that Dr. Russell was disclosed as a witness, but not as an expert witness. Opposition, ¶ 8. Disclosure as a fact witness is not sufficient. A treating physician who is going to render expert opinions must be disclosed both as a fact witness and as an expert witness. Fed. R. Civ. P. 26(a)(1) and (2); Musser, 356

F.3d at 757.  Moriconi argues that Dr. Russell was not retained and was not required to submit a report.  That is true; however, Moriconi still was required to disclose him and provide a summary of his expected opinions pursuant to Rule 26(a)(2)(A) and (a)(2)(C).  Moriconi concedes that Dr. Russell should have been disclosed as an expert, "Treating expert must be disclosed as expert pursuant to rule 26 (a) (2) (A) but it has never held that treating physicians must file expert reports."  <u>Opposition</u>, ¶ 5 (citing <u>Musser</u>, 356 F.3d at 758).  Moriconi fails to show that the failure to disclose was substantially justified.  No evidence, however, indicates that Moriconi's failure to disclose was willful or done in bad faith.

The failure to disclose also was not harmless.  Moriconi alleges that Koester used excessive force when he shot him with a Taser in violation of Moriconi's rights under the Fourth and Fourteenth Amendments to the Constitution.  <u>Second Amended Complaint</u>, ¶ 24.  Dr. Russell's opinion that the Taser shot nearly killed Moriconi is clearly relevant to whether the force used was excessive.  The failure to disclose that opinion was prejudicial to Koester because he has had no opportunity to secure a rebuttal expert. Koester's time to disclose an expert expired on April 1, 2013, more than a year before Moriconi disclosed the opinion.  Koester also had no other

notice of the opinion.  Dr. Russell's medical records produced in discovery did not disclose that he formulated such an opinion.

The late disclosure also threatens to disrupt the trial date.  The case was filed almost three and one half years ago on January 21, 2011.  The matter has been continued several times.  The jury trial is currently set for October 6, 2014.  Text Order entered April 15, 2014.  If Moriconi is allowed to present this expert testimony, the Court will be required to reopen expert discovery to allow Koester to secure a rebuttal expert.  The resulting delay would push the case well past its fourth anniversary.  The cost and delay is not harmless to Koester.  Moriconi's failure to disclose was not harmless.

Because the failure to disclose was not substantially justified or harmless, Moriconi cannot use Dr. Russell's expert opinions as evidence. Fed. R. Civ. P. 37(c).  The Motion is allowed.

The Court notes that Drs. Bova and Russell were properly disclosed as fact witnesses.  They, therefore, may testify about their examination and treatment of Moriconi after the alleged incident in which Koester shot Moriconi with the Taser.  They may not provide expert opinion testimony about the Tasers, including whether the Taser shot almost killed Moriconi.

THEREFORE Defendant Koester's Motion to Bar Testimony, or in the Alternative, Motion for Extension of Time (d/e 82) is ALLOWED.  Plaintiff

Moriconi is barred from presenting any testimony by Dr. Robert Russell or any other witness that expresses expert opinions about the Tasers, including whether the Taser shot alleged in the Second Amended Complaint almost killed Moriconi.  The request for alternative relief is denied as moot.

ENTER:   July 25, 2014

*s/ Tom Schanzle-Haskins*
UNITED STATES MAGISTRATE JUDGE