E-FILED
Monday, 26 January, 2015 11:44:19 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PAUL F. MORICONI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-cv-3022 |
| | ) | |
| TRAVIS KOESTER, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on the Motions in Limine by Defendants Travis Koester and Sangamon County, Illinois (d/e 100) (Motions). On January 16, 2015, the parties appeared at the final pretrial conference and argued the Motions. Plaintiff Paul F. Moriconi appeared by his attorneys Michael J. Costello and Jackson Edward Donley. Defendants Travis Koester and Sangamon County, Illinois, appeared by their attorney Raylene Dewitte Grischow. After careful consideration of the submissions of the parties, arguments of counsel, and the applicable law, the Motions are ALLOWED in part and DENIED in part.

The Defendants make eleven separate motions in limine. Moriconi does not object to Motions in Limine Numbers 1, 3, 4, and 7. These

Motions are allowed. Moriconi also does not object to Motions in Limine Numbers 2 and 5, except to the extent that Moriconi may seek to present evidence sought to be barred by those Motions if Defendants "open the door" by presenting evidence that somehow puts the subject matter of those Motions at issue. Motions in Limine Numbers 2 and 5 are allowed; provided, however, that Moriconi may ask the Court outside of the presence of the jury to allow him to present evidence barred by Motion 2 or 5, if he believes that Defendants have opened the door.

Moriconi stated in his written response that he did not object to Motion in Limine Number 9, but changed his position at the hearing. Defendant Koester had filed a new motion that addresses this issue in greater detail. <u>Defendants' Motion in Limine to Preclude Evidence at Trial Regarding Any Alleged Other Bad Acts (d/e 105) (Motion 105)</u>. The Court reserves ruling on Motion in Limine Number 9 at this time, and will address the issue when Motion 105 is fully briefed.

Moriconi objects or responds ambiguously to Motions in Limine Numbers 6, 8, 10 and 11. The Court will address each of these Motions separately in more detail.

Motion in Limine Number 6

The Defendants ask the Court to bar expert testimony admissible under Federal Rule of Evidence 702 because Moriconi did not disclose any expert witnesses.  Moriconi does not object to this portion of Motion Six.  Moriconi, however, argues that his treating physicians may still testify about his medical condition.  The properly disclosed treating physicians may testify as fact witnesses concerning examination, diagnosis, and treatment of Moriconi, but may not present expert testimony.  See e.g., Johnson v. Target Corp., 487 Fed.Appx. 298, 300 (7th Cir., June 28, 2102) (district court properly limited treating physician to factual testimony because plaintiff did not disclose treating physician as an expert); see also Tribble v. Evangelides, 670 F.3d 753, 759-62 (7th Cir. 2012) (reversible error to allow fact witness to offer expert testimony).

Moriconi may also testify from his personal knowledge about his medical condition, including lay opinions that would be admissible under Federal Rule of Evidence 701.  Moriconi may not personally offer expert testimony.

The Defendants also ask the Court to bar testimony by other witnesses concerning statements made by Moriconi about his pain or symptoms.  The Court denies this portion of Motion 6.  The Defendants

argue that such statements would be inadmissible hearsay.  The Defendants do not identify the anticipated testimony at issue.  Without more specifics, the Court will not bar all such testimony in limine.  Some statements may be admissible under an exception to the hearsay rule.  See e.g., Fed. R. Evid. 803(1), (2) and (3).  Some may be admissible for a non-hearsay purpose.  See Fed. R. Evid. 801(c).  The Defendants may raise objections to specific questions or evidence at trial.  Motion in Limine Number 6 is allowed in part and denied in part.

Motion in Limine Number 8

Motion 8 asks the Court to bar Moriconi from testifying as to his medical or mental health diagnoses or prognoses which he claims are a result of the incident at issue.  Moriconi may not testify about statements made by his treating physicians regarding his diagnoses or prognoses for the truth of the matter asserted.  Such statements are hearsay.  Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 564 (7th Cir. 1996); Martin v. Nicklow, 499 Fed.Appx. 569, 573 (7th Cir., January 23, 2013).  Moriconi, again, may testify from his personal knowledge about his medical condition, including lay opinions that would be admissible under Federal Rule of Evidence 701.  Moriconi may not personally offer expert testimony.

Moriconi responds, in part, that he intends to elicit testimony about Moriconi's diagnoses and prognoses from Moriconi's treating physicians, not from Moriconi. Again, Moriconi's properly disclosed treating physicians may testify as fact witnesses concerning examination, diagnosis, and treatment of Moriconi. Moriconi, however, did not disclose any expert witnesses. The treating physicians, therefore, may not present expert testimony.

Moriconi also argues, without reference to any authority, that "Plaintiff can testify as to what his subjective belief might be in the future as to his diagnosis." Response to Defendants' Motions in Limine (d/e 102), at 2. Moriconi's testimony about "what his subjective belief might be in the future" is the definition of speculation. Moriconi may not offer such testimony.

Motion in Limine Number 8 is allowed in part. Moriconi may not offer from any source expert testimony about his medical or mental diagnoses or prognoses as a result of the incident at issue. Moriconi further may not testify about statements made by his physicians for the truth of the matter asserted. Moriconi also may not testify about his subjective beliefs concerning his future condition or about "what his subjective beliefs might be in the future as to his diagnosis."

Motion in Limine Number 10

The Defendants ask the Court to bar evidence related to the claims originally filed in this case that the Court has already dismissed or granted partial summary judgment in favor of the Defendants. Moriconi responds that he agrees with the Motion with respect to former Defendant Neil Williamson, but does not state a position with respect to the other claims that had been resolved by dismissal or partial summary judgment. Moriconi is barred from presenting evidence to re-litigate the claims that have been resolved. The evidence presented must be relevant to the claims that are set for trial.

Several claims have been resolved. The Court dismissed his initial claims of cruel and unusual punishment. Opinion entered June 29, 2011 (d/e 35), at 14-15. Former Defendant Williamson was terminated as a defendant in this case. Text Orders entered October 5, 2011 and October 19, 2011. Moriconi stipulated to the dismissal of his claims against former Defendant Brad Tweryon. Text Order entered February 26, 2014; Stipulation and Order of Dismissal (d/e 71). The Court entered partial summary judgment in favor of Defendant Sangamon County for any direct municipal liability for the alleged violation of Moriconi's rights. Opinion entered (d/e 97), at 11-12. Moriconi voluntarily dismissed Sangamon

County, Illinois, as a Defendant at the January 16, 2015, hearing. Moriconi is barred from attempting to re-litigate any resolved claims.

Motion in Limine Number 10 is allowed. Moriconi again states that he may seek to present evidence on these resolved claims if the Defendants open the door. Moriconi may ask the Court outside of the presence of the jury to allow him to present evidence barred by this Motion if he believes that Defendants have opened the door.

Motion in Limine Number 11

The Defendant asks for the Court to determine in limine that he may introduce Moriconi's April 1, 2010, conviction under Federal Rule of Evidence 609(a). The Defendant argues both that the conviction is admissible under Rule 609(a)(1) and (2) as a felony conviction and because the elements of the crime require proof or admission of an act of dishonesty or false statement by Moriconi. Motions, at 6.

Although Defendants' Motion in Limine does not describe in detail the conviction which the Defendant seeks to use for impeachment purposes, the Defendants' Exhibit List tendered at the initial pretrial conference contains, as Exhibit 9, Certified Record of Felony Conviction of the Plaintiff in Sangamon County Case No. 2009-CF-000770. The Court takes judicial

notice of the docket for that case contained in the records of the Sangamon County Circuit Clerk, a copy of which is attached to this order as Exhibit 1.

The docket indicates that the Plaintiff was convicted of felony charges of obstructing justice, concealing a fugitive, and aiding a fugitive after a jury trial which concluded on April 1, 2010. Defendants seek a ruling from the Court regarding the admissibility of the Plaintiff's conviction in this case for purposes of impeachment.

Rule 609(a)(1) provides, for purposes of attacking a witnesses' credibility, evidence that the witness has been convicted of a crime punishable by death or imprisonment in excess of one year shall be admitted if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect on the defendant. This Circuit has established five factors to guide the District Court in determining whether the probative value of evidence concerning a prior conviction outweighs its prejudicial effect. Under this analysis, the District Court could and should consider (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. U.S. v. Smith, 131 F.3d 685 (7th Cir. 1997).

Under Rule 609, there is a presumption of admissibility for felonies within ten years of the testimony which is based on the theory that the mere fact that someone has been convicted of a felony indicates he is more likely to lie than someone who has not been convicted.  Gora v. Costa, 971 F.2d 1325, 1330 (7th Cir. 1992).

Although a felony conviction may have some probative value for proving untruthfulness, the degree to which this is recognized varies depending on the type of felony at issue.  For example, a witness' perjury conviction is more likely to have a strong probative value for truthfulness than is a conviction for theft.  U.S. v. Field, 625 F.2d 862 (9th Cir. 1980).  Hence, the nature of the crime of which the defendant was convicted must be considered in the analysis of admissibility of the crime for impeachment value.  It is to be considered in determining whether the probative value of admitting the evidence outweighs it prejudicial effect as is required by Federal Rule of Evidence, Rule 403.  Certain crimes are lower on probative value as to the truth telling ability of the individuals who committed them.  For instance, the Seventh Circuit has noted that crimes involving violence tend to have a low probative value as to the truth telling ability of a witness.  Christmas v. Sanders, 759 F.2d 1284 (7th Cir. 1985).

In utilizing the test provided by the Seventh Circuit set forth above, the point in time of the conviction is within the 10-year period set forth in Rule 609. As noted in the Opinion of the Court denying the Defendants' Motion for Summary Judgment (d/e 97), this case involves disputed testimony as to the events which lead to the Plaintiff's claims of excessive force and false arrest. Consequently, the Plaintiff's testimony is important and the credibility issue, given the disputed facts upon which the claim is based, is central to the case.

As noted, one of the prior convictions of the Plaintiff was for obstruction of justice under 720 ILCS 5/31-4(b). The Plaintiff in this case was arrested for obstruction of justice, the same crime of which he was previously convicted. The use of a conviction admitted under Rule 609 is limited to attacking the witness' character for truthfulness. Where the prior conviction and the conduct at issue in the case are of a similar nature, there is a danger that the jury is more likely to use the evidence for purposes other than determining the truthfulness of the witness. U.S. v. Shapiro, 565 F.2d 479, 481 (7th Cir. 1977). If a conviction is admitted in evidence, the jury will be instructed the conviction may be considered only in determining whether the Plaintiff's testimony is truthful. Notwithstanding that instruction, admission of the prior conviction for obstruction of justice

still might be considered by a jury for the impermissible purpose of proving that the Plaintiff obstructed justice in this case based upon the Plaintiff's prior obstruction of justice conviction. Consequently, the Court finds that admission of the Plaintiff's prior conviction for obstruction of justice is impermissible as the probative value of the admission of the prior obstruction of justice conviction is substantially outweighed by the danger of unfair prejudice and confusion of the issues or misleading of the jury to find that the Plaintiff committed conduct constituting obstruction of justice in this case due to his prior conviction. Consequently, the Court will not allow the use of the conviction of obstruction of justice to be admitted for impeachment under Rule 609.

However, the conviction of concealing a fugitive will be admitted for impeachment purposes. Under 720 ILCS 5/31-5(a), commission of the crime of concealing a fugitive involves the knowing concealment of a fugitive which must be proved by an affirmative act in connection with concealment. People v. Donelson, 45 Ill.App.3d 609 (4th Dist. 1977). The conviction of concealing a fugitive has a bearing on the propensity of the witness for truthfulness. The probative value of this conviction outweighs its prejudicial effect.

Likewise, the crime of aiding a fugitive under 720 ILCS 5/31-5(b) requires the intent to prevent the apprehension of the offender by some affirmative act.  Like the conviction for concealing a fugitive, the act of knowingly aiding a fugitive may have probative value as to the truthfulness of the defendant which is not outweighed by the prejudicial effect of admission of the conviction for the limited purpose of impeachment of the Plaintiff's truthfulness.

Both the convictions for concealing and aiding will be admitted for impeachment purposes subject to the Court's evaluation of the testimony at trial.  Counsel should be advised that the Court's ruling on this Motion in Limine may be altered after the Court hears testimony during the trial.  For instance, a witness who attempts to explain away, during his testimony, the conviction which will be used to impeach by giving his own version of the events may open the door to impeachment on the details of the conviction.

The Defendants' cross-examination regarding the offenses admitted for impeachment purposes will be limited to asking the witness about the type of the offense, the date it occurred, and the disposition of the charge, unless the witness opens the door to further cross-examination.  This does not preclude the Defendants from stating the titles of the offense of which the witness was previously convicted.  See U.S. v. Smith, *Id.*

THEREFORE the Motions in Limine by Defendants Travis Koester and Sangamon County, Illinois (d/e 100), are ALLOWED in part and DENIED in part as stated above.

ENTER: January 26, 2015

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE