IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| PAUL F. MORICONI, | ) |
| Plaintiff, | ) |
| v. | ) No. 11-cv-3022 |
| TRAVIS KOESTER, | ) |
| Defendant, | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Travis Koester's Motion in Limine to Preclude Evidence at Trial Regarding any Alleged Other Bad Acts (d/e 105) (Defendant's Motion in Limine); Plaintiff Paul F. Moriconi's Motion in Limine for Order Permitting Admission of Other Wrongs or Acts of Defendant (d/e 113) (Plaintiff's Motion in Limine) (collectively the Motions in Limine); and Plaintiff's Motion to Reconsider Plaintiff's Motion to Preclude Introduction of Infamous Crimes (d/e 111) (Motion to Reconsider). The parties consented to have this matter heard before this Court. <u>Consent to the Exercise of Jurisdiction by a United States Magistrate Judge and Reference Order entered April 11, 2014</u>

(d/e 74). For the reasons set forth below, Defendant's Motion in Limine is ALLOWED; Plaintiff's Motion in Limine is DENIED; and the Motion for Reconsideration is ALLOWED in part and DENIED in part.

I. Motions in Limine

The Motions in Limine address the admissibility of the same evidence. Moriconi seeks to admit at trial evidence of prior bad acts by Defendant Koester; Koester objects to the admission. Federal Rule of Evidence 404(b) allows admission of such evidence under limited circumstances to prove a matter at issue than character or propensity to engage in an act. The Court must also consider the risks of prejudice under Rule 403. Evidence of prior bad acts may be admitted if: (1) the evidence is directed to prove a matter in issue other than the defendant's propensity to commit an act; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter at issue; (3) the evidence is sufficient to support a finding by a jury that the defendant committed the act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403, 404(b); Huddleston v. United States, 485 U.S. 68, 687 (1988); United States v. Shackleford, 738 F.2d 776, 779 (7th Cir. 1984).

Moriconi claims Defendant Sangamon County, Illinois, Deputy Sheriff Koester used excessive force when Koester shot Moriconi with a Taser. Second

Amended Complaint (d/e 51), Count I.  Moriconi seeks to admit evidence of at least one prior incident in which Koester used a Taser on a citizen.  Moriconi does not identify the purpose for which he wishes to admit this evidence.  Moriconi only states generally that evidence of bad acts may be used to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Plaintiff's Motion in Limine, at 2.

    None of these possible purposes identified by Moriconi are at issue in this case.  Excessive force is determined on a purely objective standard of whether Koester used more force than a reasonable officer would use under the circumstances.  See Graham v. Conner, 490 U.S. 386, 396-97 (1989); Lester v. City of Chicago, 830 F.2d 706, 713 (7th Cir. 1987).  Thus, motive, intent, plan, identity, and knowledge are not at issue.  Preparation is not at issue.  Koester does not dispute that he carried a Taser as part of his preparation to perform his duties as Deputy Sheriff.  Koester has not claimed mistake or accident as a defense.  Moriconi has failed to demonstrate a valid purpose for seeking to admit the prior use of a Taser.

    Moriconi relies on opinions in criminal matters to support his argument.  The individual defendant's knowledge or intent was at issue in these cases.  See Huddleston v. United States, 485 U.S. 681, 686 (1988) (defendant's knowledge that property was stolen was at issue); United States v. Leight, 818 F.2d 1297,

1303 (7th Cir. 1987) (defendant's intent was at issue); <u>United States v. Lambert</u>, 463 F.2d 552, 556 (7th Cir. 1972) (defendant's knowledge was at issue). Koester's knowledge and intent is irrelevant to Moriconi's excessive force claim. Moriconi has failed to demonstrate that the evidence of prior Taser use would have probative value to prove a matter at issue at trial.

In addition, the risk of unfair prejudice is significant. The evidence of the use of a Taser in other circumstances would also be confusing to the jury. The jury must decide whether a reasonable officer under the circumstances facing Koester would have used his or her Taser. The jury must look at the specific circumstances of this case to make that determination. Evidence of other Taser use may distract them from this task and suggest the Defendant's propensity to use a Taser, which is not a permitted use of the evidence under Federal Rules of Evidence 403 and 404(b).

Allowing this evidence would cause significant delay. Moriconi should have disclosed that he intended to use this evidence in his Rule 26 disclosures before discovery closed; he did not. For that reason alone, the Court potentially could bar the evidence. <u>See</u> Fed. R. Civ. P. 37(c)(1). If Moriconi were allowed to use the evidence, the Court might need to give Koester permission to conduct some limited discovery on the issue, setting back the trial date. Moreover, Moriconi would need to make a proffer to show that he had sufficient evidence of a prior

bad act prior to presenting the evidence to the jury.  Koester might want to present opposing evidence.  This process could result in a mini-trial within this case to present evidence with no apparent probative value.  The danger of unfair prejudice substantially outweighs the possible benefits of allowing Moriconi to introduce evidence of prior incidents involving the use of a Taser by the Defendant.  The evidence of other Taser use is barred.

Moriconi also seeks to admit evidence of untruthfulness by Koester. Moriconi has submitted newspaper articles which report claims that Koester lied under oath in various contexts, including on an affidavit for a warrant and as a witness in a trial.  Koester's truthfulness is again not an element of the excessive force claim.  The evidence may not be admitted under Rule 404(b).  Moreover, except for a criminal conviction, extrinsic evidence is not admissible to prove specific instances of a witnesses' conduct in order to attack the witness character for truthfulness.  Fed.R.Evid. 608(b).  Defendant's Motion in Limine is allowed, and Plaintiff's Motion in Limine is denied.

II.     Motion to Reconsider

This Court allowed Koester's request to admit Moriconi's prior felony convictions for concealing a fugitive and aiding a fugitive for impeachment purposes.  Opinion entered January 26, 2015 (d/e 110) (January 26 Opinion), at 7-12.  Moriconi moves on reconsideration because in 2011 the Illinois Appellate

Court for the Fourth District overturned the concealing a fugitive conviction, but upheld the aiding a fugitive conviction. Motion to Reconsider, attached slip opinion, People v. Moriconi, Ill. App. 4th Dist. Case No. 4-10-0475 (December 20, 2011) (Illinois Appellate Opinion).

Motions for reconsideration, "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). Moriconi fails to explain why he did not raise the Illinois Appellate Opinion in opposition to Koester's original motion; however, this Court made an error at law in light of that opinion. Koester may only introduce the aiding a fugitive conviction for impeachment purposes. Fed. R. Evid. 609.

Moriconi also asks this Court to reconsider allowing Koester to use the aiding a fugitive conviction for impeachment. Motion to Reconsider, at 2. Moriconi cites no authority to support this request. The Court sees no error in fact or law with respect to allowing the admission of this felony conviction for impeachment purposes. See January 26 Opinion, at 7-12, and authorities cited therein. The act of knowingly aiding a fugitive may have probative value as to the truthfulness of the Plaintiff, which is not outweighed by the prejudicial effect of admission of the conviction for the limited purpose of impeachment of the Plaintiff's truthfulness.

THEREFORE, IT IS ORDERED: Defendant Travis Koester's Motion in Limine to Preclude Evidence at Trial Regarding any Alleged Other Bad Acts (d/e 105) is ALLOWED; Plaintiff Paul F. Moriconi's Motion in Limine for Order Permitting Admission of Other Wrongs or Acts of Defendant (d/e 113) is DENIED; and Plaintiff's Motion to Reconsider Plaintiff's Motion to Preclude Introduction of Infamous Crimes (d/e 111) is ALLOWED in part and DENIED in part.

ENTER: February 24, 2015

       *s/ Tom Schanzle-Haskins*
UNITED STATES MAGISTRATE JUDGE