## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PAUL F. MORICONI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-cv-3022 |
| | ) | |
| TRAVIS KOESTER, | ) | |
| | ) | |
| Defendant, | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Paul F. Moriconi's Motion for New Trial (d/e 132) (Motion). The parties consented to have this matter heard before this Court. Consent to the Exercise of Jurisdiction by a United States Magistrate Judge and Reference Order entered April 11, 2014 (d/e 74). On July 29, 2009, Defendant Sangamon County, Illinois, Deputy Sheriff Travis Koester shocked Plaintiff Moriconi four times with a Taser and arrested him for obstructing a police officer. As a result, Moriconi brought this action against Defendant Koester, claiming that Koester violated his constitutional rights by using excessive force and by arresting him without probable cause. See Final Pretrial Order entered March 5, 2015 (d/e 120).

On March 9 and 10, 2015, the Court held a jury trial on Moriconi's claims.  Minute Entries entered March 9 and 10, 2015.  On March 10, 2015, a jury returned verdicts in favor of Koester and against Moriconi.  The Court entered judgment on the verdicts.  See Judgment entered March 11, 2015 (d/e 131).  Moriconi now asks the Court to set aside the jury's verdicts and the judgment, and order a new trial.  For the reasons set forth below, the Motion is DENIED.

Moriconi argues that the verdicts were against the manifest weight of the evidence.  Moriconi correctly states the heavy burden he must meet to prevail on this ground:

> A Motion for a New Trial based on insufficiency of the evidence should be granted only if the verdict is against the manifest weight of the evidence. . . . Challengers to a verdict bear "particularly heavy burden" because a court will set aside a verdict as contrary to the manifest weight of the evidence "only if no rational jury could have rendered a verdict." *Moore Exrail Estate of Grady v. Duleja,* 546 F.3d. 423, 427 (7th Cir. 2008).

Motion, ¶ 3.  Moriconi fails to meet this burden.  Moriconi, Koester, and Springfield, Illinois, Police Department Sergeant Brock Butcher testified as eye witnesses of the July 29, 2009, incident.  The jury's decision turned on credibility:  if the jury believed Moriconi, then Koester violated his rights; but, if the jury believed Koester and Butcher, then the jury could find that Koester did not violate Moriconi's rights, but rather, used reasonable force

and had probable cause to arrest.  Koester's evidence was sufficient to support the verdicts.

Moriconi argues that Koester presented no evidence to explain the third and fourth times that he shocked Moriconi with the Taser.  The Court disagrees.  Koester testified that he continued to shock Moriconi with the Taser after Moriconi fell to the ground because Moriconi refused to comply with Koester's direction to roll over and because Moriconi swiped at the Taser wires in an effort to defeat the effectiveness of the Taser.  Moriconi testified he did not specifically remember what happened after he fell to the ground.  If the jurors believed Koester, they could find that the repeated shocking was reasonable under the circumstances.  The request for a new trial based on the insufficiency of the evidence is denied.

Moriconi also argues that the verdict was against the preponderance of the evidence.  The Court again disagrees.  The evidence presented by Koester, if believed, was sufficient to convince a jury that Moriconi failed to prove liability by a preponderance of the evidence.

The remainder of the Motion challenges rulings that the Court made during or before the trial.  The Court remains unpersuaded by Moriconi's arguments on these issues.  The Court reaffirms these rulings on the

grounds previously stated and denies the request for a new trial based on these rulings.

THEREFORE Plaintiff Paul F. Moriconi's Motion for New Trial (d/e 132) is DENIED.

ENTER:  April 27, 2015

_____s/ Tom Schanzle-Haskins_____
UNITED STATES MAGISTRATE JUDGE